Mr. Justice ThaoheR
delivered the opinion of the court.
Sinclair instituted his action of assumpsit at the May term, 1842, of the Simpson county circuit court, against Price, upon an open account for work and labor. At this term the defendant below pleaded non assumpsit, and the cause was continued. At the next succeeding term the plaintiff took issue on the plea of non assumpsit, and defendant further pleaded a plea of payment. In this state of pleadings, without a reply to or a disposal *258 of the plea of payment, the parties went to trial, and the plaintiff below recovered debt and costs.
Some disposition should have been made of the plea of payment. This plea, having been filed at the issue term of the cause, is presumed to have been so done, urith the leave of the court, first had and obtained. The plea being filed, without an account stating its nature, or the items of payment or set-off annexed, is nevertheless good, and notified the plaintiff below of an intention to attempt to prove either a partial or total payment in money, and either by oral proof or written, as by receipt. This payment might have been by Price’s agent, or in any other mode not ascertained by him at the time of the return term, At any rate, the plea could not be disregarded ; and had the plaintiff desired to contest its legality, under the statute of 1840, regulating the practice of circuit courts, he should have moved to strike it out, at the issue term, when the court is required by that statute to perfect the pleadings instanter. Pleadings are equally defective, whether plead improperly in point of time, or in point of law. It has been repeatedly held here, that a valid and substantial plea, unanswered or undisposed of at the time of jndment, is error.
The judgment of the court below must be reversed, and the cause remanded for further proceedings.